**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | |
|---|---|
| AMBER PRINGLE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-1346-R |
| | ) |
| DYNAMIC RECOVERY SOLUTIONS, LLC | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, AMBER PRINGLE, ("Plaintiff"), through her attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

2. Plaintiff is a natural person residing in Tecumseh, Pottawatomie County, Oklahoma.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

4. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

5. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

6. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

7. Defendant is a national collection agency headquartered in Greenville, Greenville County, South Carolina.

8. Defendant is a business entity engaged in the collection of debt within the State of Oklahoma.

9. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Oklahoma and in the County of Pottawatomie, and within this judicial district.

10. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

11. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff arising from an account that is not Plaintiff's.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around July, 2015, Defendant began communicating with Plaintiff via collection calls regarding an alleged debt account owed by Plaintiff.

19. In or around July, 2015, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

20. During the aforementioned conversation, Plaintiff requested validation of the alleged debt.

21. To date, Plaintiff has not received validation of the alleged debt.

22. During the aforementioned call, Plaintiff stated that the alleged debt was past the statute of limitations.

23. Nonetheless, in the aforementioned conversation, Defendant's collection agent threatened to put the alleged debt on Plaintiff's credit report if Plaintiff did not pay the debt.

24. The alleged debt account owed by Plaintiff originated in 2002.

25. The statute of limitations for a written contract in Oklahoma is five (5) years.

26. Defendant is attempting to collect a debt on which the statute of limitations has expired.

27. In or around July, 2015, Defendant sent an email to Plaintiff regarding the alleged debt account, but containing no material information regarding the alleged debt.

28. Defendant's conduct as described above was intended to harass, coerce, and intimidate

Plaintiff into payment of the alleged debt.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse any person in connection with the collection of an alleged debt when Defendant contacted Plaintiff threatening to take legal action against Plaintiff when the debt is past the statute of limitations;

   b. Defendant violated §1692e(2) of the FDCPA by falsely representing the legal status of any debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations;

   c. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken when Defendant mailed Plaintiff a collection letter that stated if Plaintiff doesn't pay the debt, Defendant will report the debt to the credit bureaus;

   d. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations; and

   e. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations.

    f. Defendant violated §1692g by failing to provide proper validation of the alleged debt owed by Plaintiff.

WHEREFORE, Plaintiff, AMBER PRINGLE, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

32. Any other relief that this Honorable Court deems appropriate.

                                    RESPECTFULLY SUBMITTED,

DATED: December 11, 2015      By: /s/ Michael S. Agruss
                                          Michael S. Agruss
                                          IL State Bar #: 6281600
                                          Agruss Law Firm, LLC
                                          4611 N. Ravenswood Ave.
                                          Suite 201
                                          Chicago, IL 60640
                                          Tel: 312-224-4695
                                          Fax: 312-253-4451
                                          michael@agrusslawfirm.com
                                          Attorney for Plaintiff